IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPLE DAVIS,
#R31569,

       Plaintiff,

v.

JOHN M. BARWICK, *et al.*,

       Defendants.

Case No. 25-cv-00532-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court for case management purposes. Along with his Complaint, Plaintiff has filed a motion requesting a temporary restraining order (TRO) and a preliminary injunction. (Doc. 3). It also appears that Plaintiff has failed to exhaust his administrative remedies prior to initiating this lawsuit, as is required under the Prison Litigation Reform Act.

MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff, who is African American, alleges that he has been retaliated against and harassed by Defendant Megan Rogers because he wrote grievances against her and because she is racist. Plaintiff asserts that Rogers is trying to "get [him] into trouble," have his privileges restricted, and have him suffer in segregation. (Doc. 3, p. 2). He claims that he was issued two disciplinary reports dated February 2 and 5, 2025, written by Rogers falsely accusing him of disobeying direct orders and engaging in unauthorized movement. (Doc. 1, p. 30, 32, 75, 76; Doc. 3, p. 1). At the disciplinary hearing for both disciplinary reports, Plaintiff was found guilty of all charges by Rogers's friend and co-worker, Defendant Justyna Reid. (Doc. 1, p. 33-34; Doc. 3, p. 2). Reid refused to interview Plaintiff's witness and review the camera footage of the incidents, which

would disprove the allegations detailed in the disciplinary reports. (Doc. 1, p. 34; Doc. 3, p. 2). Plaintiff alleges that Reid was defending her friend and "is out for blood against [him]." (Doc. 3, p. 3).

Because of Rogers and Reid, Plaintiff claims that for one month he (1) suffered commissary and visitation restrictions; (2) was demoted to C-grade status; (3) was denied access to yard, recreation, and dayroom time; (4) was housed in an unsanitary and small cell; and (5) was deprived of access to his property and television. (Doc. 3, p. 3). Plaintiff believes that because he has filed a lawsuit against Rogers and Reid they will "want redress in retaliating against [him]" and continue to violate his constitutional rights by falsifying misconduct and having his privileges restricted. (*Id.* at p. 4). Plaintiff seeks an emergency injunction preventing Reid and Rogers from coming within 1,000 feet of him and enjoining them from retaliatory conduct. (*Id.* at p. 7-8).

In order to obtain emergency injunctive relief, whether through a TRO or a preliminary injunction, a plaintiff must show that:

> (1) his underlying claim has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction.

*Meritte v. Kessel,* 561 F. App'x 546, 548 (7th Cir. 2014). All three requirements must be satisfied before the Court can consider whether preliminary injunctive relief is warranted. Here, Plaintiff has failed to demonstrate that he will likely suffer irreparable harm without the issuance of emergency injunctive relief, and so, his motion must be denied.

Plaintiff's belief that Rogers and Reid will retaliate against him because he filed this lawsuit is not sufficient to warrant emergency injunctive relief. As the Seventh Circuit has stated, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Orr v. Shicker,* 953 F. 3d 490, 502

(7th Cir. 2020). *See also Mich. v. U.S. Army Corps of Eng'r*, 667 F. 3d 765, 788 (7th Cir. 2011) ("there must be more than a mere possibility that the harm will come to pass"). Other than the past conduct alleged in the Complaint, Plaintiff does not offer any additional facts demonstrating the likelihood of immediate and irreparable harm. At this stage, the fear of future retaliation is only speculation, and Plaintiff has failed to make a clear showing that an emergency injunction is warranted. Therefore, the request for a temporary restraining order and preliminary injunction is **DENIED**. (Doc. 3).

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

Although it is generally appropriate to wait for a defendant to raise an affirmative defense, the Seventh Circuit has noted that "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). A plaintiff can plead himself out of court, and if he includes allegations "that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). A plaintiff need not anticipate or overcome an affirmative defense like exhaustion, but if he alleges facts sufficient to establish that an affirmative defense applies, "the district court may dismiss the complaint on that ground." *O'Gorman v. City of Chicago*, 777

F.3d 885, 889 (7th Cir. 2015).

In the Complaint, Plaintiff complains of retaliatory and discriminatory conduct on the part of Defendants that began on February 2, 2025. (Doc. 1, p. 30). He asserts that he wrote two grievances concerning the alleged incidents, and he attaches them to the Complaint – Grievance #59-0225-750, dated February 4, 2025, and Grievance #59-0225-689, dated February 6, 2025. (*Id.* at p. 30, 32, 53, 62). In addition to these two grievances, Plaintiff has also attaches nine additional grievances as exhibits that appear to be relevant to his claims in this case. (*see Id.* at p. 55, 57, 64, 68, 70, 73, 82, 84, 86).[1] Grievance #59-0225-750, which was reviewed in combination with Grievances #59-0225-762, 59-0225-759, and 59-0225-764, was appealed to the Administrative Review Board on March 31, 2025, and Grievance #59-0225-689 was appealed to the Administrative Review Board on March 25, 2025, (*Id.* at p. 51, 61). Grievance #59-0225-916, dated February 21, 2025, was appealed to the Administrative Review Board on March 18, 2025, and Grievance #59-0225-917, dated February 23, 2023, was appealed to the Administrative Review Board on March 31, 2025. (*Id.* at p. 72, 79). There is nothing in the Complaint indicating that Plaintiff appealed the four remaining grievances. (*Id.* at p. 68, 70, 84, 86).

Plaintiff signed and dated his Complaint April 3, 2025, and it was received by the Court on April 9, 2025, only a few weeks after Plaintiff had appealed his grievances to the Administrative Review Board. On the civil rights complaint form when asked about the results of utilizing the grievance procedure, Plaintiff writes that his grievances were "denied and I appealed with the A.R.B., and grievance officer." (Doc. 1, p. 26). Given that only a few weeks have passed between the appeal of his grievances to the Administrative Review Board and the initiation of this lawsuit,

---

[1] Plaintiff has also attaches a grievance dated February 1, 2025, in which he grieves the cancellation of scheduled video visits on February 1, 2025, due to a lockdown at the facility. This event occurred before and is unrelated to the events alleged in the Complaint, and therefore, is irrelevant to the issue of exhaustion of his claims in this case. (Doc. 1, p. 80, 82).

the Court finds it highly unlikely that Plaintiff has received a ruling by the Administrative Review Board and thereby, fully exhausted his claims prior to filing his Complaint. Therefore, Plaintiff must file a response within 30 days showing cause as to why this matter should not be dismissed as prematurely filed.

## DISPOSITION

For the reasons stated above, the Motion for a Temporary Restraining Order and Preliminary Injunction is **DENIED**. (Doc. 3).

Plaintiff is **ORDERED** to show cause about the exhaustion of his claims against Defendants. Plaintiff must file his response with the Court in written format on or before **May 14, 2025**. Plaintiff's failure to respond to this Order will result in dismissal of this case.

**IT IS SO ORDERED.**

**DATED:   April 14, 2025**

                                             _s/Stephen P. McGlynn_
                                             **STEPHEN P. MCGLYNN**
                                             **United States District Judge**