IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTOPLE DAVIS,**

        **Plaintiff,**

v.

**JOHN M. BARWICK,** *et al.***,**

        **Defendants.**

Case No. 25-cv-00532-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Christople Davis, an inmate of the Illinois Department of Corrections (IDOC) commenced this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Plaintiff alleges discrimination and retaliation by Defendants, who are staff members at Pinckneyville Correctional Center, beginning on February 2, 2025. Along with the Complaint, Plaintiff filed a motion for a temporary restraining order (TRO) and preliminary injunction, which the Court denied. (Doc. 3, 9). In denying the motion for a TRO and preliminary injunction, the Court noted that it appeared highly unlikely that Plaintiff had fully exhausted his claims prior to filing his Complaint. (Doc. 9, p. 4-5). His Complaint is dated April 3, 2025, and according to his exhibits and statements made in the Complaint, he had only recently appealed his grievances to the Administrative Review Board in March 2025. Plaintiff was directed to show cause as to why this matter should not be dismissed as prematurely filed. Plaintiff filed his response to the show cause order on May 1, 2025. (Doc. 11).

    In his response, Plaintiff states that he was informed by other inmates that when he appeals to the director at the Administrative Review Board (ARB) then that is the last phase in exhausting his administrative remedies. (Doc. 11, p. 1). He states that he did not wait for the responses to the appeals of his grievances because it was taking a long time to receive responses throughout the

entire grievance process, and he is due to be released from prison on May 9, 2025. (*Id.* at p. 2). Plaintiff argues that his case should not be dismissed since all grievances have been submitted to the ARB. (*Id.* at p. 3).

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Although it is generally appropriate to wait for a defendant to raise an affirmative defense, the Seventh Circuit has noted that "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). A plaintiff can plead himself out of court, and if he includes allegations "that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted).

Here, it is obvious from the Complaint that Plaintiff has failed to comply with the PLRA and fully exhaust his administrative remedies prior to filing this lawsuit. Plaintiff's grievances were reviewed at the institutional level and appealed to the ARB in March and April 2025,[1] and the Court received his Complaint on April 9, 2025. Plaintiff argues that he did not wait for responses from the ARB because he did not know "when he would receive his next response," and his release date was soon approaching. The Seventh Circuit, however, takes a "strict compliance

---

[1] Grievances #59-225-750, 59-225-762, 59-225-759, and 59-225-764 were reviewed by the grievance officer together and appealed to the ARB on March 31, 2025 (Doc. 1, p. 51). Grievance #59-0225-689 was appealed to the ARB on March 25, 2025 (*Id.* at p. 61). Grievance #59-0225-917 was appealed to the ARB on March 31, 2025. (*Id.* at p. 72). Grievances #59-0225-595 and 59-0225-916 were received together and appealed to the ARB on March 18, 2025. (*Id.* at p. 79). Grievances #59-0325-1142, 59-0325-1003, and 59-0325-1080 were appealed to the ARB on April 14, 2025. (Doc. 11, p. 2, 4, 7).

approach to exhaustion" and "as long as the administrative authority has the ability to take some action in response to the complaint," the inmate has not exhausted his administrative remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). Under the Illinois Administrative Code, the director has six months to review the findings and recommendations of the ARB and make a final determination. 20 ILL. ADMIN. CODE §504.850(e). By filing his lawsuit while incarcerated and prior to receiving responses from the ARB, Plaintiff has filed this case prematurely. *Griffin v. Auterson*, 547 F. App'x 785, 787 (7th Cir. 2013) (citing *Woodford v. Ngo*, 548 U.S. 81, 89-90 (2006)) ("Exhausting before suing allows the prison administrators a chance to remedy possible mistakes before court intervention and ensures that prisoners concentrate on the grievance process, not litigation."); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (even if prisoner eventually exhausts while suit is pending, court must dismiss his suit without prejudice).

Accordingly, this case is dismissed without prejudice for failure to exhaust his administrative remedies. Plaintiff may refile this lawsuit once he has fully exhausted, or if Plaintiff has been released, he is free to refile this case without the obligation to exhaust. *See Kerr v. Puckett,* 138 F. 3d 321, 323 (7th Cir. 1998) (the PLRA does not apply to former prisoners who are released).

### DISPOSITION

Plaintiff's Complaint (Doc. 1) and this entire care are **DISMISSED without prejudice** for failure to exhaust administrative remedies. In light of this Order, all pending motions are **DENIED as moot.** (*See* Doc. 4). The Clerk of Court is **DIRECTED** to enter judgment and to close this case.

**IT IS SO ORDERED.**

**DATED:   May 28, 2025**

    _s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**